# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 29, 2007

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:   Thornton v. Flavor House Products, Inc. et al**

**Case Number:   1:07-cv-00712-WKW**

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached by E-Filer to include the correct certificate of service.**

**The corrected PDF document is attached to this notice for your review.   Reference is made to document # 5  filed on   August 28, 2007.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA THORNTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.:  1:07cv712-WKW |
| | ) | |
| FLAVOR HOUSE PRODUCTS, INC., and | ) | |
| FRANKLIN D. WILLIAMS, JR. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT FLAVOR HOUSE PRODUCTS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

## ANSWER

### I.       INTRODUCTION

1.       Admitted that this action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and that Plaintiff requests a jury trial.  Denied that any violations of Title VII or any other law occurred or that Plaintiff is entitled to a jury trial on all issues in this case.

### II.       JURISDICTION AND VENUE

2.       The allegations in paragraph 2 are admitted.

3.       Admitted that venue is proper in this court.   The remaining allegations in paragraph 3 are denied.

4.       Admitted that Plaintiff seeks a jury trial in this matter.  Denied that Plaintiff is entitled to a jury trial on all issues in this case.

### III.    PARTIES

5.    Defendant[1] is without sufficient information to either admit or deny the present residence of Plaintiff, and the same therefore is denied.  The remaining allegations in paragraph 5 are admitted.

6.    The allegations in paragraph 6 are admitted.

7.    Admitted that Williams is a team leader.  Denied that Williams was Plaintiff's "direct supervisor" or that he was Plaintiff's team leader throughout her employment.  The remaining allegations in paragraph 7 are admitted.

### IV.    ADMINISTRATIVE EXHAUSTION

8.    The allegations of paragraph 8 are denied.

9.    Admitted that in September 2006, Plaintiff filed a charge of employment discrimination with the EEOC making allegations against the Defendant.  The remaining allegations in paragraph 9 are denied.

10.    Defendant is without sufficient information to either admit or deny the allegations of paragraph 10, and the same therefore are denied.

### V.    STATEMENT OF FACTS AND CLAIMS

11.    Except as specifically admitted above, the allegations in paragraph 11 are denied.

12.    Admitted that Plaintiff's employment with Defendant began in 2001.

13.    The allegations in paragraph 13 are denied.

14.    The allegations in paragraph 14 are denied.

15.    The allegations in paragraph 15 are denied.

16.    The allegations in paragraph 16 are denied.

17.    The allegations in paragraph 17 are denied.

18.     The allegations in paragraph 18 are denied.

19.     The allegations in paragraph 19 are denied.

20.     The allegations in paragraph 20 are denied.

21.     The allegations in paragraph 21 are denied.

22.     The allegations in paragraph 22 are denied.

23.     Admitted upon information and belief that Williams trained Plaintiff in 2003. The remaining allegations in paragraph 23 are denied.

24.     The allegations in paragraph 24 are denied.

25.     Admitted that Plaintiff and Williams worked on the same line for part of 2006, and that Williams was a team leader at that time.  Admitted that Plaintiff was a label operator on line 3 for part of 2006.  The remaining allegations in paragraph 25 are denied.

26.     The allegations in paragraph 26 are denied.

27.     The allegations in paragraph 27 are denied.

28.     Admitted that Plaintiff received a warning in 2006 for gossiping about co-workers.  The remaining allegations in paragraph 28 are denied.

29.     Admitted that Plaintiff received a warning in 2006 for gossiping about co-workers.  The remaining allegations in paragraph 29 are denied.

30.     Defendant is unable to either admit or deny what "another female employee" told Plaintiff, and this allegation therefore is denied.  The remaining allegations in paragraph 30 are denied.

31.     Defendant is unable to admit or deny whether a person identified only as "female employee" was or was not fired, and this allegation therefore is denied.  The remaining allegations in paragraph 31 are denied.

---

[1] "Defendant" as used in this document refers to Flavor House Products, Inc.

32.     Admitted that on June 14, 2006, Plaintiff's primary assigned job was operating the line 3 label machine.

33.     Admitted that Williams relieved employees on line 3, including Plaintiff. Defendant is unable to admit or deny what Plaintiff noticed or did not notice, and the remaining allegations in paragraph 33 therefore are denied.

34.     Admitted that on June 14, 2006, the Defendant was undergoing an inspection. Defendant is unable to admit or deny what Plaintiff specifically said to Williams, and this allegation therefore is denied.  The remaining allegations in paragraph 34 are denied.

35.     The allegations in paragraph 35 are denied.

36.     Admitted that mechanics circulate through the plant as needed, including around line 3.  Defendant is unable to admit or deny what Plaintiff specifically said to or heard from an unnamed mechanic, and this allegation therefore is denied.

37.     Admitted that Donald Coty was a Maintenance Supervisor in June 2006, and that on or about June 14, 2006, Plaintiff asked Donald Coty to summon Melvin Hutchins to line 3. The remaining allegations in paragraph 37 are denied.

38.     Admitted that Chris Jordan also came to Plaintiff's line on or about June 14, 2006. Admitted that Plaintiff wrote out a statement for Jordan that day.  The remaining allegations in paragraph 38 are denied.

39.     Admitted that Plaintiff complained about Williams to Jordan.  The remaining allegations in paragraph 39 are denied.

40.     Admitted that on or about June 14, 2006, Plaintiff wrote out a statement about Williams.  The remaining allegations in paragraph 40 are denied.

41.     Admitted that Plaintiff was at work on June 15, 2006.  Defendant is unable to admit or deny what Plaintiff felt or tried to do, and this allegation therefore is denied.  Admitted that it is likely that Williams would have talked to Stephanie in the course of the day on June 15, 2006.  The remaining allegations in paragraph 41 are denied.

42.     Denied that "Williams' demeanor was very intimidating."  Defendant is otherwise unable to admit or deny what Plaintiff felt or "knew" about other employees, and the allegations in paragraph 42 are denied.

43.     The allegations in paragraph 43 are denied.

44.     Admitted that on or about June 15, 2006, Plaintiff moved to line 5.  The remaining allegations of Paragraph 44 are denied.

45.     Admitted that at some point Plaintiff asked Melvin Hutchins if the move to line 5 was permanent.  Admitted that Melvin Hutchins did not know whether the move was permanent or not, but that Plaintiff was needed at that time on line 5.  Denied further that Plaintiff did not know whether the move to line 5 was permanent.

46.     Admitted that supervisors likely would have involved Human Resources in this dispute Plaintiff had with Williams.  Denied that Ricky Smothers is "the Supervisor over all Supervisors."  Admitted that he had not been involved in Plaintiff's incidents of the day before, so he did not know all the details of Plaintiff's alleged dispute with Frank Williams.  The remaining allegations of paragraph 46 are denied.

47.     Defendant is without sufficient information to either admit or deny whether Plaintiff was upset or what she had to do to calm down, and this allegation therefore is denied.  Admitted that at some point on June 16, 2006, Plaintiff clocked out.  Admitted that Plaintiff

spoke to Tommy in Human Resources on or about June 16, 2006. The remaining allegations of Paragraph 47 are denied.

48.     Admitted that Plaintiff met with both Human Resources and Mary Anne Boyer on or about June 16, 2006 about her alleged personal conflict with Williams. Admitted that Plaintiff told Human Resources that she was carrying a screwdriver as a weapon to use against Williams. The remaining allegations of Paragraph 48 are denied.

49.     Admitted that the Plaintiff placed her badge on a desk. The remaining allegations of Paragraph 49 are denied.

50.     Denied that Plaintiff would have been "written up and disciplined" if she had returned to work. Because Plaintiff does not identify who allegedly made this statement or how she knows it, any further allegations or inferences in Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied.

52.     Admitted that Plaintiff did not return to work over the next three days. Defendant is without sufficient information to either admit or deny what Plaintiff was told by "a female employee," and that allegation therefore is denied. Admitted that Plaintiff told Leigh Allums that she was voluntarily quitting. All other allegations in paragraph 52 are denied.

53.     The allegations of Paragraph 53 are denied.

54.     Defendant is without sufficient information to admit or deny why Plaintiff voluntarily resigned, and any allegations concerning the reasons for her resignation therefore are denied. The remaining allegations of paragraph 54 are denied.

55.     The allegations of Paragraph 55 are denied.

## COUNT I:  TITLE VII VIOLATIONS

56.     Except as specifically admitted above, the allegations of Paragraph 56 are denied.

57.     The allegations of Paragraph 57 are denied.

58.     The allegations of Paragraph 58 are denied.

59.     The allegations of Paragraph 59 are denied.

60.     The allegations of Paragraph 60 are denied.

61.     The allegations of Paragraph 61 are denied.

62.     The allegations of Paragraph 62 are denied.

## COUNT II:  INVASION OF PRIVACY

63.     Except as specifically admitted above, the allegations of Paragraph 63 are denied.

64.     Admitted that Plaintiff makes a claim of "invasion of privacy" under Alabama law.  Denied that any conduct occurred that would give rise to such claim.

65.     The allegations of Paragraph 65 are denied.

66.     The allegations of Paragraph 66 are denied.

## COUNT III:  OUTRAGE

67.     Except as specifically admitted above, the allegations of Paragraph 67 are denied.

68.     Admitted that Plaintiff makes a claim of "outrage" under Alabama law.  Denied that any conduct occurred that would give rise to such claim.

69.     The allegations of Paragraph 69 are denied.

70.     The allegations of Paragraph 70 are denied.

## COUNT IV:  NEGLIGENT OR WANTON HIRING, SUPERVISION, TRAINING AND RETENTION

71     Except as specifically admitted above, the allegations of Paragraph 71 are denied.

72.    Admitted that Plaintiff makes a claim of "negligent or wanton hiring, supervision, training, and retention" under Alabama law.  Denied that any conduct occurred that would give rise to such a claim.

73.    The allegations of Paragraph 73 are denied.

74.    The allegations of Paragraph 74 are denied.

## VI[2]: PRAYER FOR RELIEF

It is denied that any relief is owing to Plaintiff.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to a jury trial as to any equitable issue raised in her Complaint.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent they involve transactions or events which are outside the applicable statute(s) of limitation.

### THIRD DEFENSE

The Complaint is barred to the extent that any of the allegations set forth therein fail to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendant is entitled to a set off against Plaintiff's damage claims in the amount(s) which Plaintiff did or could have earned through reasonable efforts, did or could have obtained through unemployment compensation, and amount(s) paid to or on behalf of Plaintiff by Defendant.

---

[2] Count V was omitted from Complaint.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred to the extent that she failed to mitigate her damages.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff resigned her employment voluntarily and willingly. Plaintiff was neither discharged nor constructively discharged as required in order to maintain the claims alleged.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that her perception was not reasonable that the conduct alleged was unlawful.

## EIGHTH DEFENSE

Plaintiff is barred from pursuing claims for outrage or emotional distress, because Defendant engaged in no acts or omissions which would rise to the level required to sustain liability for such claims.

## NINTH DEFENSE

Defendant denies that Plaintiff has suffered any emotional, psychological and/or physical damage whatsoever as a result of actions taken by any Defendant, and any emotional, psychological or physical condition suffered by Plaintiff is attributable to causes wholly independent of Defendant's actions.

## TENTH DEFENSE

While Defendant expressly denies that it or any employee under its supervision acted in any manner which would constitute a violation of Plaintiff's rights, if Plaintiff's rights were violated, such violation occurred outside the scope of such persons' employment and without the

consent of Defendant. Defendant neither knew nor had reason to know of any such circumstance. Defendant did not condone, ratify, or tolerate any such conduct but instead prohibited such conduct. Actions entirely outside the course and scope of such employees' employment may not be attributed to Defendant through principles of agency, *respondeat superior* or otherwise.

## ELEVENTH DEFENSE

To the extent that Plaintiff failed to give timely notice to Defendant that she believed she suffered the alleged conduct, a reasonable opportunity to investigate and/or remedy the alleged conduct, Plaintiff's claims are barred by the doctrines of unclean hands and laches.

## TWELFTH DEFENSE

To the extent that Plaintiff failed to follow Defendant's published policies and procedures prohibiting harassment, Plaintiff's claims are barred by the doctrines of estoppel and waiver.

## THIRTEENTH DEFENSE

Plaintiff is barred from pursuing claims for punitive damages, because Defendant engaged in no acts or omissions which would either rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evidence a malicious, knowing, oppressive, or fraudulent intent to deny Plaintiff her protected rights, and are not so wantoned or willful as to support an award of punitive damages.

## FOURTEENTH DEFENSE

Any award of punitive or vindictive damages to Plaintiff will violate the substantive and procedural safeguards guaranteed to Defendants by the United States and Alabama Constitutions; any award for such damages is therefore barred.

## FIFTEENTH DEFENSE

Any award of punitive damages must be limited in accordance with Alabama law. Any award of punitive damages or vindictive damages will violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and the Alabama Constitution, in that standards for awards of punitive and vindictive damages in Alabama are vague and are not rationally related to legitimate government interests. Plaintiff's claims for punitive and vindictive damages are consequently barred. Any award of punitive damages or

vindictive damages will likewise violate the procedural safeguards guaranteed to Defendant by the Fifth and Sixth Amendments of the United States Constitution, in that such damages are penal in nature. Consequently, Defendant is entitled to the same procedural safeguards afforded criminal defendants, including the protection from self incrimination and a burden of proof equivalent to the "beyond a reasonable doubt" standard. Plaintiff's claims for punitive and vindictive damages are consequently barred.

SIXTEENTH DEFENSE

If conversations or actions of a sexual nature did occur, to the extent it was at Plaintiff's invitation, behest and willing participation such that it was not unwelcome, Plaintiff's claims are barred in their entirety.

SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendants exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

EIGHTEENTH DEFENSE

Plaintiff's recovery is barred to the extent the alleged injury was proximately caused by a fellow servant, and to the extent Plaintiff assumed the risk as to the actions alleged.

NINETEENTH DEFENSE

If Defendant was negligent, which Defendant denies, Plaintiff in the exercise of ordinary care could have avoided the consequences of such alleged negligence, and had the last clear chance to do so.

## TWENTIETH DEFENSE

To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, any recovery is barred by the exclusive remedy provision under Alabama Workers' Compensation Law.

## TWENTY-FIRST DEFENSE

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred to the extent that any conduct on which it was based was privileged and/or justified.

## TWENTY-SECOND DEFENSE

To the extent that Plaintiff attempts to state a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, for alleged acts of discrimination occurring outside the statutory time period for filing of charges with the Equal Employment Opportunity Commission (EEOC), such cause of action is time-barred by Section 706(e) of Title VII, 42 U.S.C. § 2000e-5(e).

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff's claims were not included within an administrative charge of discrimination filed with the EEOC and were neither investigated nor conciliated by the Commission, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII.

## TWENTY-FOURTH DEFENSE

Plaintiff has not suffered irreparable harm so as to be entitled to injunctive relief.  In the event that Plaintiff were to be found to be entitled to any relief, Plaintiff has adequate remedies at law.

## TWENTY-FIFTH DEFENSE

To the extent that Plaintiff consented to or permitted any of the actions alleged, Plaintiff's claims are barred by the doctrine of consent.

## TWENTY-SIXTH DEFENSE

If Defendant was negligent, which Defendant denies, Defendant's negligence was not the proximate cause of Plaintiff's injuries.  In addition, Plaintiff's own negligence was equal to or greater than any alleged negligence on the part of Defendant such that Plaintiff's contributory and/or comparative negligence bars her recovery.

## TWENTY-SEVENTH DEFENSE

Plaintiff's damages are eliminated or reduced to the extent that after-acquired evidence shows Plaintiff's improper actions.

## TWENTY-EIGHTH DEFENSE

Defendant may not be held vicariously liable for punitive damages under Title VII based on unlawful employment actions made by its agents, if any are proven, because any such unlawful actions were contrary to Defendant's policies and good-faith efforts to comply with Title VII.

## TWENTY-NINTH DEFENSE

Defendant avers that if any of the allegations of unlawful conduct contained in the Complaint are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

## THIRTIETH DEFENSE

With regard to Plaintiff's damages, Defendant avers that such damages are barred to the extent that they exceed the statutory maximums under Title VII or Alabama law.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint and having raised affirmative defenses thereto, Defendant prays that judgment be entered against the Plaintiff on all counts and that Defendant be awarded its reasonable costs, including attorneys' fees, incurred in defending this action and such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ Christopher W. Weller
Christopher W. Weller (WEL020)

CAPELL & HOWARD, P.C.
150 South Perry Street
Montgomery, Alabama 36104
Telephone:  (334) 241-8066
Facsimile:  (334) 241-8266

Anderson B. Scott
Christine E. Howard

FISHER & PHILLIPS LLP
1500 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, Georgia  30326
Telephone:  (404) 231-1400
Facsimile:   (404) 240-4249

ATTORNEYS FOR DEFENDANT
FLAVOR HOUSE PRODUCTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Ann C. Robertson, Esquire**
**Temple D. Trueblood, Esquire**
**Attorneys for the Plaintiff**

**OF COUNSEL:**
**Wiggins, Childs, Quinn & Pantazis, L.L.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**Bobbie S. Crook, Esquire (CRO-040)**
**Attorney for the Plaintiff**
367 South Saint Andrews Street
Dothan, Alabama 36301
(334) 671-8062

/s/ Christopher W. Weller
Of Counsel