**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| LINDA THORNTON, | ) |
| *Plaintiff*, | ) |
| Vs. | ) CIVIL ACTION NO.: 1:07CV712-WKW |
| FLAVOR HOUSE PRODUCTS, INC., and | ) |
| FRANKLIN D. WILLIAMS, Jr., | ) |
| *Defendant*. | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW THE DEFENDANT, Franklin D. Williams, Jr., and hereby

responds to the Plaintiff's Complaint, as filed, stating as follows:

1. This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph One (Numbered 1) of the Plaintiff's Complaint and demands strict proof thereof.

2. This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Two (Numbered 2) of the Plaintiff's Complaint and demands strict proof thereof.

3. This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Three (Numbered 3) of the Plaintiff's Complaint and demands strict proof thereof.

4. This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Four (Numbered 4) of the Plaintiff's Complaint and demands strict proof thereof.

5. This Defendant, Franklin D. Williams, Jr., hereby admits that the Plaintiff is a female, and that she previously was an employee of Flavor House Products, Inc. Otherwise, this Defendant hereby denies the remaining allegations found in Paragraph Five (Numbered 5) of the Plaintiff's Complaint and demands strict proof thereof.

1

6.   This Defendant, Franklin D. Williams, Jr., is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Six (Numbered 6) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

7.   This Defendant, Franklin D. Williams, Jr., hereby admits that he previously was an employee of Flavor House Products, Inc.  Otherwise, this Defendant hereby denies the remaining allegations found in Paragraph Seven (Numbered 7) of the Plaintiff's Complaint and demands strict proof thereof.

8.   This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Eight (Numbered 8) of the Plaintiff's Complaint and demands strict proof thereof.

9.   This Defendant, Franklin D. Williams, Jr., is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Nine (Numbered 9) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

10.   This Defendant, Franklin D. Williams, Jr., is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Ten (Numbered 10) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

11.   This Defendant, Franklin D. Williams, Jr., hereby adopts and reavers his responses to the preceding paragraphs as if fully set-out and reaverred herein in full.

12.   This Defendant, Franklin D. Williams, Jr., is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Twelve (Numbered 12) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

13.   This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Thirteen (Numbered 13) of the Plaintiff's Complaint and demands strict proof thereof.

14.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Fourteen (Numbered 14) of the Plaintiff's Complaint and demands strict proof thereof.

15.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Fifteen (Numbered 15) of the Plaintiff's Complaint and demands strict proof thereof.

16.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Sixteen (Numbered 16) of the Plaintiff's Complaint and demands strict proof thereof.

17.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Seventeen (Numbered 17) of the Plaintiff's Complaint and demands strict proof thereof.

18.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Eighteen (Numbered 18) of the Plaintiff's Complaint and demands strict proof thereof.

19.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Nineteen (Numbered 19) of the Plaintiff's Complaint and demands strict proof thereof.

20.  This Defendant, Franklin D. Williams, Jr., hereby denies the allegations found in Paragraph Twenty (Numbered 20) of the Plaintiff's Complaint and demands strict proof thereof.

21.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-One (Numbered 21) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies said allegations and demands strict proof thereof.

22.  This Defendant, Franklin D. Williams, Jr., is without sufficient information at the present time so as to be able to either admit or deny the allegations found in Paragraph Twenty-Two (Numbered 22) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

23. This Defendant, Franklin D. Williams, Jr., hereby denies the allegations Found in Paragraph Twenty-Three (Numbered 23) of the Plaintiff's Complaint and demands strict proof thereof.

24. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-Four (Numbered 24) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Twenty-Four (Numbered 24) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

25. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-Five (Numbered 25) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Twenty-Five (Numbered 25) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

26. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-Six (Numbered 26) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Twenty-Six (Numbered 26) of the Plaintiff's Complaint and demands strict proof thereof.

27. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-Seven (Numbered 27) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Twenty-Seven (Numbered 27) of the Plaintiff's Complaint and demands strict proof thereof.

28. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-Eight (Numbered 28) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Twenty-Eight (Numbered 28) of the Plaintiff's Complaint and demands strict proof thereof.

29.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Twenty-Nine (Numbered 29) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Twenty-Nine (Numbered 29) of the Plaintiff's Complaint and demands strict proof thereof.

30.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty (Numbered 30) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Thirty (Numbered 30) of the Plaintiff's Complaint and demands strict proof thereof.

31.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-One (Numbered 31) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Thirty-One (Numbered 31) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

32.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Two (Numbered 32) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Thirty-Two (Numbered 32) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

33.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Three (Numbered 33) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Thirty-Three (Numbered 33) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

34.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Four (Numbered 34) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to

respond, this Defendant hereby denies the allegations found in Paragraph Thirty-Four (Numbered 34) of the Plaintiff's Complaint and demands strict proof thereof.

35.    This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Five (Numbered 35) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Thirty-Five (Numbered 35) of the Plaintiff's Complaint and demands strict proof thereof.

36.    This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Six (Numbered 36) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Thirty-Six (Numbered 36) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

37.    This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Seven (Numbered 37) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Thirty-Seven (Numbered 37) of the Plaintiff's Complaint and demands strict proof thereof.

38.    This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Eight (Numbered 38) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Thirty-Eight (Numbered 38) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

39.    This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Thirty-Nine (Numbered 39) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Thirty-Nine (Numbered 39) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

40. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty (Numbered 40) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty (Numbered 40) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

41. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-One (Numbered 41) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Forty-One (Numbered 41) of the Plaintiff's Complaint and demands strict proof thereof.

42. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Two (Numbered 42) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Forty-Two (Numbered 42) of the Plaintiff's Complaint and demands strict proof thereof.

43. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Three (Numbered 43) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Three (Numbered 43) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

44. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Four (Numbered 44) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Four (Numbered 44) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

45. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Five (Numbered 45) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Five

(Numbered 45) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

46.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Six (Numbered 46) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Six (Numbered 46) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

47.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Seven (Numbered 47) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Seven (Numbered 47) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

48.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Eight (Numbered 48) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Eight (Numbered 48) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

49.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Forty-Nine (Numbered 49) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Forty-Nine (Numbered 49) of the Plaintiff's Complaint.  As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

50.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty (Numbered 50) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Fifty (Numbered 50) of

the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

51. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-One (Numbered 51) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-One (Numbered 51) of the Plaintiff's Complaint and demands strict proof thereof.

52. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Two (Numbered 52) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-Two (Numbered 52) of the Plaintiff's Complaint and demands strict proof thereof.

53. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Three (Numbered 53) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-Three (Numbered 53) of the Plaintiff's Complaint and demands strict proof thereof.

54. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Four (Numbered 54) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-Four (Numbered 54) of the Plaintiff's Complaint and demands strict proof thereof.

55. This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Five (Numbered 55) of the Plaintiff's Complaint. However, without waiving said objection and in an attempt to respond, this Defendant states that it is without sufficient information at the present time, so as to be able to either admit or deny the allegations found in Paragraph Fifty-Five (Numbered 55) of the Plaintiff's Complaint. As such, said allegations can be neither admitted nor denied at the present time by this Defendant.

## COUNT I

56. This Defendant, Franklin D. Williams, Jr., hereby adopts and reavers his responses to the preceding paragraphs as if fully set-out and reavered herein in full.

57.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Seven (Numbered 57) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-Seven (Numbered 57) of the Plaintiff's Complaint and demands strict proof thereof.

58.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Eight (Numbered 58) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-Eight (Numbered 58) of the Plaintiff's Complaint and demands strict proof thereof.

59.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Fifty-Nine (Numbered 59) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Fifty-Nine (Numbered 59) of the Plaintiff's Complaint and demands strict proof thereof.

60.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty (Numbered 60) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty (Numbered 60) of the Plaintiff's Complaint and demands strict proof thereof.

61.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-One (Numbered 61) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-One (Numbered 61) of the Plaintiff's Complaint and demands strict proof thereof.

62.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-Two (Numbered 62) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-Two (Numbered 62) of the Plaintiff's Complaint and demands strict proof thereof.

<u>COUNT II</u>

63.  This Defendant, Franklin D. Williams, Jr., hereby adopts and reavers his responses to the preceding paragraphs as if fully set-out and reavered herein in full.

64.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-Four (Numbered 64) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-Four (Numbered 64) of the Plaintiff's Complaint and demands strict proof thereof.

65.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-Five (Numbered 65) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-Five (Numbered 65) of the Plaintiff's Complaint and demands strict proof thereof.

66.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-Six (Numbered 66) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-Six (Numbered 66) of the Plaintiff's Complaint and demands strict proof thereof.

<u>COUNT III</u>

67.  This Defendant, Franklin D. Williams, Jr., hereby adopts and reavers his responses to the preceding paragraphs as if fully set-out and reavered herein in full.

68.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-Eight (Numbered 68) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-Eight (Numbered 68) of the Plaintiff's Complaint and demands strict proof thereof.

69.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Sixty-Nine (Numbered 69) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Sixty-Nine (Numbered 69) of the Plaintiff's Complaint and demands strict proof thereof.

70.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Seventy (Numbered 70) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Seventy (Numbered 70) of the Plaintiff's Complaint and demands strict proof thereof.

<u>COUNT IV</u>

71.  This Defendant, Franklin D. Williams, Jr., hereby adopts and reavers his responses to the preceding paragraphs as if fully set-out and reavered herein in full.

72.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Seventy-Two (Numbered 72) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Seventy-Two (Numbered 72) of the Plaintiff's Complaint and demands strict proof thereof.

73.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Seventy-Three (Numbered 73) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Seventy-Three (Numbered 73) of the Plaintiff's Complaint and demands strict proof thereof.

74.  This Defendant, Franklin D. Williams, Jr., hereby objects to the compound, overly-broad and ambiguous nature of Paragraph Seventy-Four (Numbered 74) of the Plaintiff's Complaint.  However, without waiving said objection and in an attempt to respond, this Defendant hereby denies the allegations found in Paragraph Seventy-Four (Numbered 74) of the Plaintiff's Complaint and demands strict proof thereof.

<u>ALLEGED PRAYER FOR RELIEF</u>

COMES NOW THE DEFENDANT, Franklin D. Williams, Jr., and hereby

DENIES the allegations of Plaintiff as stated in her purported "prayer for relief" and

requests that this honorable Court refuse to honor said requests, as such are unjust and

unlawful, pursuant to the premises.

## **AFFIRMATIVE DEFENSES**

1.  As its First Affirmative Defense, this Defendant avers that it fulfilled each and every legal obligation and duty imposed upon it by law.

2.  As its Second Affirmative Defense, this Defendant avers that the Plaintiff's Complaint, pursuant to the <u>Federal Rules of Civil Procedure</u>, fails to state a claim upon which relief can be granted against it, and as such, the Complaint and the Plaintiff's claims are due to be dismissed as a matter of law.

3.  As its Third Affirmative Defense, this Defendant specifically contests damages as computed and alleged by the Plaintiff, and as such, assert that it is not liable for the things and matters alleged and complained of in the Plaintiff's Complaint.  Furthermore, it appears that the Plaintiff herein cannot maintain this action at all, as she has suffered no damage whatsoever as a result of any allegation found in the Complaint against this Defendant.

4.  As its Fourth Affirmative Defense, this Defendant contests service of process, specifically alleging insufficiency of process and insufficiency of service of process.

5.  As its Fifth Affirmative Defense, this Defendant specifically avers that the Plaintiff has failed to exhaust all administrative remedies available to her, as required by law, and thus, is barred from prosecuting this action, in its present form.

6.   As its Sixth Affirmative Defense, this Defendant specifically avers that the Plaintiff has failed to properly mitigate her alleged damages, and thus, is barred from proceeding with the present action.

7.   As its Seventh Affirmative Defense, this Defendant pleads acquiescence.

8.   As its Eighth Affirmative Defense, this Defendant pleads that it was not the employer of the Plaintiff, and that it breached no duty or obligation of any kind to the Plaintiff, and thus, this Defendant is due to be dismissed from these proceedings forthwith.

9.   As its Ninth Affirmative Defense, this Defendant contests any proposed imposition of punitive damages as prayed for in the Plaintiff's Complaint in this action, as punitive damages are not generally allowable under the theories proposed and are in any event not supportable in this action.

10.   As its Tenth Affirmative Defense, this Defendant specifically contest any proposed imposition of punitive damages in this action whatsoever, and in furtherance of that objection, state the following:

1.   Defendants say the Complaint fails to state a claim upon which punitive damages may be awarded.

2.  Defendants say any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

3.  Defendant says any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

4.  Defendant says an award of punitive damages to Plaintiff in this case may be violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, in that the state may share in any such award.  See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257 (1989).

5.  Defendant says any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

6.  Defendant says any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

7. Defendant says any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

8. Defendant says it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

9. Defendant says it is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

10. Defendant says Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America on the following grounds:

    (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America;

(e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America; and

(f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States of America.

11.  Defendant says Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of the State of Alabama on the following grounds:

    (a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

    (c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    (e) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

12. Defendant says Plaintiff's attempt to impose punitive or extracontractual damages on Defendant on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

13. Defendant says the award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under

the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

14. Defendant says the award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of the State of Alabama.

15. Defendant says the Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> Sections 6-11-20 to 6-11-30 and is barred.

16. Defendant says Alabama's system for assessing punitive damages leads to awards that are so grossly excessive as to constitute an arbitrary deprivation of life, liberty, or property in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Further Defendant did not have fair notice of the magnitude of the sanctions that may be imposed under Alabama's system for assessing punitive damages. <u>BMW of N. Am., Inc. v. Gore</u>, 116 S. Ct. 1589 (1996).

11.  As its Eleventh Affirmative Defense, this Defendant states:

1. The award of discretionary, compensatory damages for mental suffering on behalf of the plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a)    According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount

of damage for such a claim is left to the discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution for the following reasons:

(i)    It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;

(ii)    It fails to provide specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(iii)    It results in the imposition of different compensation for the same or similar acts and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(iv)    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(b)    The award of discretionary compensatory damages for mental suffering to the plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(i)    It fails to provide a limit on the amount of the award against the defendant;

(ii)    It is unconstitutionally vague;

(iii)    It fails to provide specific standards in the amount of the

20

award of such damages; and

     (iv)    It constitutes a deprivation of property without due process
of law.

12.  As its Twelfth Affirmative Defense, this Defendant specifically argues that
the Doctrine of Laches should apply to this case and these proceedings, thus barring the
Plaintiff from proceeding against these Defendants in this action.

13.  As its Thirteenth Affirmative Defense, this Defendant specifically argues that
the Statute of Limitations should apply to this case and these proceedings, thus barring
the Plaintiff from proceeding against these Defendants in this action.

14.  As its Fourteenth Affirmative defense, this Defendant hereby pleads that this
action must be dismissed, as the Plaintiff has failed to follow the mandates and requirements
of the EEOC, thus violating Federal law and procedure.  As such, the pleading, as filed by
the Plaintiff, is deficient as a matter of law and must be dismissed.

15.  As its Fifteenth Affirmative Defense, this Defendant hereby pleads that the
Plaintiff herein has failed to meet all of the prerequisites required before filing suit, and thus,
is barred from continuing with this litigation.

16.  As its Sixteenth Affirmative Defense, this Defendant hereby contests venue

in this action,  praying that this matter will be transferred to the appropriate jurisdiction, or dismissed entirely.

17.   As its remaining Affirmative Defense, this Defendant hereby affirmatively pleads the following: **Injury by Fellow Servant; Lack of Cooperation**; **Estoppel; Fraud**; **Unavoidable Accident**; **Ratification**; **Waiver**, **the Plaintiff's Willful Concealment of Facts**, and the **Plaintiff's Unclean Hands.**

WHEREFORE ALL PREMISES CONSIDERED, this Defendant, Franklin D. Williams, Jr., hereby otherwise DENIES the material allegations of the Plaintiff's Complaint and prays that this Honorable Court will allow it to defend itself to the trier of fact.

RESPECTFULLY DONE AND SUBMITTED, this the 5th day of September, 2007.

**_/s/ Richard E. Crum, Esq._**

Richard E. Crum, Esq.

Attorney for Defendant,
Franklin D. Williams, Jr.

OF COUNSEL
SHEALY, CRUM, & PIKE, P.A.
P.O. Box 6346
DOTHAN, ALABAMA 36302-6346
(334) 677-3000
(334) 677-0030

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I have this date served a copy of the foregoing, via electronically and regular U.S. Mail, properly addressed and postage prepaid, to:

Ann C. Robertson, Esq.
Temple D. Trueblood, Esq.
Attorneys for Plaintiff
Wiggins, Childs, Quinn, & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

Bobbie S. Crook, Esq.
Attorney for Plaintiff
367 South Saint Andrews Street
Dothan, Alabama 36303

This the 5th day of September, 2007.

*/s/ **Richard E. Crum, Esq.***
Of Counsel