IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA THORNTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | 1:07 cv-712-WKW |
| FLAVOR HOUSE PRODUCTS, INC., and | * | |
| FRANKLIN D. WILLIAMS, JR., | * | |
| | * | |
| Defendants. | * | JURY DEMAND |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff and defendants in the above styled cause hereby jointly move this Honorable Court to enter the attached Protective Order. In support of this motion, the parties state as follows:

1.  The above-named parties have jointly agreed to the entry of the attached order.

2.  The plaintiff has requested production by the defendant, Flavor House Products, Inc, of various items pertaining to several of its current and former employees. These documents contain confidential and/or proprietary information. The attached Protective Order will preserve the confidentiality of these documents.

3.  After review of this Motion, counsel for the defendants have given plaintiff's counsel permission to submit their electronic signatures to the Court as set out below.

WHEREFORE, the parties jointly move the Court to enter the attached order.

Respectfully submitted,

s/ Temple D. Trueblood
Temple D. Trueblood
Ann C. Robertson
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

CO-COUNSEL:
Bobbie S. Crook, Esq.
367 South St. Andrews Street
Dothan, Alabama 36301
(334) 671-8062

                                                    s/ Jennifer F. Swain
                                                    Jennifer F. Swain
                                                    Counsel for Defendant, Flavor House Products, Inc.

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama 35203
(205) 244-3863

Anderson B. Scott
Christine E. Howard
Fisher & Phillips, LLP
945 East Paces Ferry Road
Atlanta, Georgia 30326

                                                    s/ Richard E. Crum
                                                    Richard E. Crum
                                                    Counsel for Defendant, Franklin D. Williams, Jr.

Steadman S. Shealy, Jr.
Richard E. Crum
M. Russ Goodman
Shealy, Crum & Pike, P.A.
P.O. Box 6346
Dothan, Alabama 36302-6346
(334) 677-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LINDA THORNTON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | 1:07-cv-712-WKW |
| **FLAVOR HOUSE PRODUCTS, INC., and** | * | |
| **FRANKLIN D. WILLIAMS, JR.,** | * | |
| | * | |
| Defendants. | * | **JURY DEMAND** |

## PROTECTIVE ORDER

Pursuant to the Federal Rules of Civil Procedure 26(c), for good cause shown by agreement of all parties, it is hereby ORDERED:

1. The plaintiff has requested documents containing confidential personnel information regarding current and/or former employees of the defendant, Flavor House Products, Inc. To protect the privacy interests of individuals not parties to this action, such documents, and only such documents, shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of the plaintiff or her counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.

2. All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3. The parties and their counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the defendant, or the substance or

**Error! Unknown document property name.**

contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the plaintiff's counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The parties and their counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

4. The employees, experts and consultants of the parties' counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. All who see the CONFIDENTIAL INFORMATION shall also sign a statement that they have read this Order, understand it, and agree to keep confidential any material seen. These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge and CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

5. Sixty (60) days from the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion or settlement of this action, all persons subject to this Order shall destroy (or return to counsel for the defendant) all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the plaintiff's counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product. Plaintiff's counsel shall maintain all

CONFIDENTIAL INFORMATION in a sealed envelope for a period of 60 days after the final termination of this action. After this 60-day period has elapsed, counsel for plaintiff shall certify to counsel for defendant that all such documents have been destroyed or returned. Such certification shall be made with 10 days of the destruction or return of the CONFIDENTIAL INFORMATION.

6. Before prior approval for further disclosure of CONFIDENTIAL INFORMATION is sought from the Court, counsel for the plaintiff must confer with counsel for the defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

7. If Plaintiff or Plaintiff's counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for the defendant seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

8. Nothing in this Order shall prejudice the defendant's right to make any use of, or disclose to any person, any material each has designated as CONFIDENTIAL INFORMATION, during the course of their respective normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENTIAL INFORMATION.

9. Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

10. If any CONFIDENTIAL INFORMATION is used during any deposition, or if the contents of any CONFIDENTIAL INFORMATION document are discussed during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential.

11. Nothing contained in this Consent Protective Order shall be construed as a waiver by Defendant Flavor House Products, Inc. of its right to object to the subject matter of any discovery request made in this action. The execution of this Consent Protective Order shall not be construed as an agreement by the parties to produce any document or supply any information and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the pending action or as a waiver of any privilege with respect thereto.

12. The inadvertent or unintentional disclosure of any CONFIDENTIAL INFORMATION shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific CONFIDENTIAL INFORMATION disclosed or as to other related information.

13. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information or testimony. The provisions of this Order shall survive and remain in full force and effect after the entry of the final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

DONE and ORDERED the _____ day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

Case 1:07-cv-00712-WKW-WC   Document 26-2   Filed 01/23/2008   Page 5 of 5