IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA THORNTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   CASE NO. 1:07cv712-WKW |
| | ) |
| FLAVOR HOUSE PRODUCTS, INC., | ) |
| *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON MOTION
AND PROTECTIVE ORDER**

On January 23, 2008, the parties filed a joint Motion for Protective Order (Doc. #26). Upon consideration of that motion, it is

ORDERED that the motion (Doc. #26) is GRANTED. It is further

ORDERED that:

1. The plaintiff has requested documents containing confidential personnel information regarding current and/or former employees of the defendant, Flavor House Products, Inc. To protect the privacy interests of individuals not parties to this action, such documents, and only such documents, shall be treated as confidential under the terms of this Order, and those documents copied by or at the request of the plaintiff or her counsel shall be designated as "CONFIDENTIAL INFORMATION" in the manner set forth in this Order.

2. All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

3. The parties and their counsel shall not give, show, or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the defendant, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the plaintiff's counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The parties and their counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

4. The employees, experts and consultants of the parties' counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. All who see the CONFIDENTIAL INFORMATION shall also sign a statement that they have read this Order, understand it, and agree to keep confidential any material seen. These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge and CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

5. Sixty (60) days from the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion or settlement of this action, all persons subject to this Order shall destroy (or return to counsel for the defendant) all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the plaintiff's counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product. Plaintiff's counsel shall maintain all CONFIDENTIAL INFORMATION in a sealed envelope for a period of 60 days after the final termination of this action. After this 60-day period has elapsed, counsel for plaintiff shall certify to counsel for defendant that all such documents have been destroyed or returned. Such certification shall be made with 10 days of the destruction or return of the CONFIDENTIAL INFORMATION.

6. Before prior approval for further disclosure of CONFIDENTIAL INFORMATION is sought from the Court, counsel for the plaintiff must confer with counsel for the defendant and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

7. If Plaintiff or Plaintiff's counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for the

defendant seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

8. Nothing in this Order shall prejudice the defendant's right to make any use of, or disclose to any person, any material each has designated as CONFIDENTIAL INFORMATION, during the course of their respective normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENTIAL INFORMATION.

9. Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

10. If any CONFIDENTIAL INFORMATION is used during any deposition, or if the contents of any CONFIDENTIAL INFORMATION document are discussed during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential.

11. Nothing contained in this Consent Protective Order shall be construed as a waiver by Defendant Flavor House Products, Inc. of its right to object to the subject matter of any discovery request made in this action. The execution of this Consent Protective Order shall not be construed as an agreement by the parties to produce any document or supply any

information and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the pending action or as a waiver of any privilege with respect thereto.

12. The inadvertent or unintentional disclosure of any CONFIDENTIAL INFORMATION shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific CONFIDENTIAL INFORMATION disclosed or as to other related information.

13. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information or testimony.  The provisions of this Order shall survive and remain in full force and effect after the entry of the final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

Done this 24th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE