**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| LINDA THORNTON, | ) |
| *Plaintiff*, | ) |
| Vs. | ) CIVIL ACTION NO.: 1:07CV712-WKW |
| FLAVOR HOUSE PRODUCTS, INC., and FRANKLIN D. WILLIAMS, Jr., | ) |
| | ) |
| *Defendants*. | |

**DEFENDANT FRANKLIN D. WILLIAMS, Jr.'s**
**MEMORANDUM OF LAW IN SUPPORT OF**
**A MOTION FOR PROTECTIVE ORDER**

COMES NOW THE DEFENDANT, Franklin D. Williams, Jr., and hereby files his Memorandum of Law in Support of his Motion for Protective Order, stating as follows:

**INTRODUCTION**

As this Honorable Court is aware, the Plaintiff filed this lawsuit based on claims of sexual harassment and discrimination against several defendants, including Franklin D. Williams. Mr. Williams denies all liability and argues the Plaintiff's claims are without merit.

On or about February 24, 2008, the Plaintiff filed a subpoena directed to the Circuit Clerk's Office in Barbour County, Alabama, requesting the clerk to "produce and permit inspection and copying of…[a]ny and all district court records, filings, documents and/or case files wherever located pertaining to Franklin D. Williams…including but not limited to all records, filings, documents and/or case files associated with the following actions and/or case numbers: DC199100063200; DC199100063300; DC199100063400; DC199100063500; and DC199100063600." Counsel for the Plaintiff has also advised that they will seek specific information regarding the above case files during Mr. Williams' deposition and/or at the trial of

this matter. This Defendant argues that that type of information is neither discoverable nor relevant to the issues in the present lawsuit, and, therefore, not subject to inquiry through the use of a subpoena or through deposition testimony. Specifically, this Defendant argues that the probative value of such information is minimal at best, while the potential for prejudice is great.

## ARGUMENT

I.      Good Cause Exists for the Entry of a Protective Order

The discovery provisions of the Federal Rules of Civil Procedure are quite generous. For instance, under Fed. R. Civ. P. 26(b)(1), [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action…It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears to reasonably calculated to lead to the discovery of admissible evidence." There are, however, limitations on discovery of relevant, nonprivileged material.

One of the limitations provided by the Federal Rules of Civil Procedure is set forth in Fed. R. Civ. P. 26(c), whereby a party may apply to the court for "any order which justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To obtain a protective order, a party "must show good cause by demonstrating a particular need for protection." Coleman v. General Elec. Co., 1995 WL 358089, *3 (E.D. Pa.). "In consideration whether good cause exists for a protective order, the federal courts have generally adopted a balancing process….[T]he court balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). In this instance, Mr. Williams asks this Honorable Court to issue a protective order limiting the scope of

discovery regarding his past criminal convictions of a sexual nature. Specifically, the Defendant requests the Court limit the Plaintiff and her attorneys from inquiring into the nature and specifics of those convictions.

Although the Plaintiff has not yet provided this Defendant with a lawful basis for requesting the disclosure Mr. Williams' criminal records, either by subpoena or deposition testimony, this Defendant believes the Plaintiff may try to use Fed. R. Evid. 415 to facilitate said request. This Defendant contends that Fed. R. Evid. 415 does not apply in this situation. Even if you assume 415 applied, Fed. R. Evid. 401, 402, 403, and 404 would preclude such information from being admitted at trial.

Fed. R. Evid. 415(a) provides in pertinent part, "[i]n a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation, evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered as provided in Rule 413 and Rule 414 of these rules."

Evidence of prior conduct is admissible pursuant to Fed. R. Evid. 415 only where both the prior conduct and the offense charged in the case for which the evidence is offered constituted sexual assault or child molestation. Obviously in our case, the Plaintiff would have to have been sexually assaulted in order for Fed. R. Evid. 415 to apply. Although the Plaintiff testified at her deposition that Mr. Williams touched her inappropriately, this Defendant would argue this is not a case in which "a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault." Fed. R. Evid. 415. The "ordinary sexual harassment or discrimination case will not justify the admission of evidence of

prior sexual assaults" and this Defendant would argue that that is the case in the present matter. Frank v. Hudson, 924 F. Supp. 620, 625 (Dist. N.J. 1996)

### II. The Proffered Evidence should not be Admitted Pursuant to Fed. R. Evid. 401, 402, 403, and 404.

#### A. Federal Rules of Evidence 401

Fed. R. Evid. 401 states that "relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. In the present case, the admission of the proposed criminal record of Mr. Williams would not in any way make the existence of any fact need to support the Plaintiff's claims more probable than not. In fact, Mr. Williams past criminal history has no bearing on the issues at hand and should not be admitted. The circumstances surrounding his past criminal convictions are not similar in any way, shape, form or fashion, to the claims made by the Plaintiff. By requiring Mr. Williams to testify and/or produce records of his convictions in any detail would simply be an effort by the Plaintiff to demoralize him and would be used to distract the jury from the substantive issues.

#### B. Federal Rules of Evidence 402

Under Federal Rules of Evidence 402, irrelevant evidence is inadmissible. Because Mr. Williams' past criminal history has no relevancy to this matter, Rule 402 should preclude any attempt by the Plaintiff to cause unfair prejudice to the defense of his case. This is not a sexual assault case, nor is this a case where Mr. Williams' past criminal history make the existence of a fact more probable than not. Although Mr. Williams was convicted of a crime that was sexual in

nature, the similarities between the facts in this case and his past convictions are nonexistent. The Plaintiff and her counsel are already aware of the convictions and no further information should be required to be produced. Mr. Williams' past criminal history is not relevant, and, therefore, inadmissible under Rule 402.

**C.     Federal Rules of Evidence 403**

Even if you assume Mr. Williams' past criminal convictions are relevant, they should be excluded under Federal Rules of Evidence 403. Fed. R. Evid. 403 states in pertinent part that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In our case, the low degree of probative value, if any, stacks up weakly against Mr. Williams' past conviction's huge potential for undue prejudice. Unfair prejudice is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." In a case such as the present lawsuit, the admission of such evidence would clearly cloud the jury's judgment and result in an unfair and biased result. This type of undue prejudice cannot be allowed.

**III.    Certification**

On or about February 20, 2008, M. Russ Goodman, Esq., one of the attorneys for Mr. Williams, discussed with Tempe Trueblood the above issues and the impact they would have on Mr. Williams' deposition. During that telephone conversation, Mr. Goodman informed Ms. Trueblood that other than the time, place, and charges/convictions, no other details would be given regarding Mr. Williams' past criminal convictions. Ms. Trueblood contended that the

information regarding Mr. Williams' convictions was relevant and that the Plaintiff had a right to inquire, in detail, about the underlying nature of said convictions.

At that time, Mr. Goodman did not agree and expressed to Ms. Trueblood that in his understanding of the case law, Mr. Williams was not required to provide any other information, other than what had already been provided, and that this issue would have to be taken up with the Court. Ms. Trueblood accepted that fact and stated the Plaintiff would still attempt to subpoena Mr. Williams' criminal records from Barbour County. Mr. Goodman again stated Mr. Williams' would not change his position, nor would he agree to allow the questioning during Mr. Williams' deposition to delve into the specifics of his convictions and the issue would be addressed through the proper motions. As such, this Defendant has attempted, in good faith, to resolve this discovery dispute without the need for court intervention, unfortunately to no avail. The Defendant, Mr. Williams, therefore, has no other recourse than to file his Motion for a Protective Order in this matter.

### IV.    Conclusion

In the present action, for this Honorable Court to assess this Defendant's request for a protective order, it must balance the Defendant's showing of potential injury from the uncontrolled disclosure of Mr. Williams' past criminal convictions against the Plaintiff's need for such evidence. Because the two events have no connection whatsoever, nor are the facts surrounding the two events even close to being similar, this Honorable Court must exclude such evidence in order to ensure the Defendant is not unfairly prejudiced by the proffered evidence.

Since the alleged conduct in this matter took place in an office setting, it is likely the Plaintiff will be able to locate witnesses to the alleged conduct. As such, the need for Mr.

Williams' past criminal convictions of sexual offenses over sixteen years ago is slight compared to the harm of disclosing such information would have on Mr. Williams' case and the prejudice it would cause.

RESPECTFULLY DONE AND SUBMITTED, this the 27th day of February, 2008.

*/s/ Richard E. Crum, Esq.*
Richard E. Crum, Esq.

Attorney for Defendant,
Franklin D. Williams, Jr.

OF COUNSEL
SHEALY, CRUM, & PIKE, P.C.
P.O. Box 6346
DOTHAN, ALABAMA 36302-6346
(334) 677-3000
(334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below and if not available to receive electronic transmissions, via Untied States Postal Service, postage prepaid:

Bobbie S. Crook, Esq. (bcrook100@aol.com; ald0071@aol.com)

Ann C. Robertson, Esq. (arobertson@wcqp.com; kallen@wcqp.com)

Temple D. Trueblood, Esq. (tdt@wcqp.com; kallen@wcqp.com)

Christopher W. Weller, Esq. (cww@chlaw.com; anne@chlaw.com; cheri@chlaw.com; roxie@chlaw.com)

Jennifer Swain, Esq. (jswain@bakerdonelson.com)

This the 27th day of February, 2008.

*/s/ Richard E. Crum, Esq.*
Of Counsel