## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LINDA THORNTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.:** |
| | * | **1:07 cv-712-WKW** |
| **FLAVOR HOUSE PRODUCTS, INC., and** | * | |
| **FRANKLIN D. WILLIAMS, JR.,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT FRANKLIN D. WILLIAMS. JR.'s MOTION FOR PROTECTIVE ORDER
## AND OBJECTION TO CIVIL SUBPOENA

**COMES NOW** the Plaintiff in the above styled cause and opposes Defendant Franklin D.

Williams, Jr.'s Motion for Protective Order (Doc. #33) and Objection to Civil Subpoena (Doc.

#35).In support whereof, the Plaintiff states the following:

## INTRODUCTION

1.      On August 6, 2007, the Plaintiff filed her Complaint in this action asserting claims

against Defendant, Franklin D. Williams, Jr. ("Williams"), under Alabama State law for invasion

of privacy and outrage arising from his acts of sexual harassment, discrimination and retaliation

towards her. (Doc. #1). The Plaintiff also asserted claims against Defendant, Flavor House Products,

Inc. ("Flavor House") under Title VII for violations of sexual discrimination, sexual discrimination

and retaliation, and under Alabama State law for invasion of privacy, outrage, and the negligent

and/or wanton hiring, supervision, training, and retention of Defendant Williams and other

employees/agents of Flavor House. (Doc. #1).

2.      Within the Complaint, the Plaintiff has alleged that Defendant Williams subjected

her to sexual harassment including, "yelling at her; cursing at her every day;  constantly talking to

the plaintiff about his sex life with his wife; talking to the plaintiff about how often he had sex, how

they had sex, where they had sex, and how often they had sex; and stating that he could tell his wife

was cheating on him because of the way she "felt" when they had sex. **Williams was also very

vocal about the fact that he was a registered sex offender.**" (Doc. #1, ¶26).

3.      The Plaintiff has also alleged within her Complaint that she complained to

supervisory personnel of Flavor House about Williams' "discriminatory treatment and harassment

of her many times," yet " to her knowledge, nothing was ever done as Williams' sexually derogatory

and harassing behavior continued." (Doc. #1, ¶ 27).

4.      The Plaintiff has also alleged within her Complaint that she was subjected to

discipline, "[a] few months before [she] was forced to leave her employment, she was written up or

telling another employee that Williams was a registered sex offender even though Williams made

this statement himself almost every day." (Doc. #1, ¶28). She further alleges that, "[a] few days later,

another female employee told the plaintiff that Williams was making threats to physically hurt the

plaintiff.  The plaintiff reported these threats to management and was then written up for allegedly

discussing Williams' criminal history." (Doc. #1, ¶ 29).

5.      The Plaintiff has also alleged within the Complaint, that defendant William's

"demeanor was very intimidating and because the plaintiff knew that he had a history of violence

against women, she was afraid he was going to hurt her;" and that Plaintiff told supervisor Melvin

Hutchins, Tommy in Personnel Resources, and Marianne Boyer, CEO, that, "she was not

comfortable working with Williams and that she did not feel safe around Williams."  (Doc. #1, ¶¶

2

42-43 and 48).

6.    The Plaintiff attempted to conduct discovery regarding the specifics of Defendant

William's criminal history via Interrogatories submitted to the Defendant on October 23, 2007:

> 5.    Have you ever been convicted of and/or pled guilty or "no contest" to any crime or misdemeanor? If so, for each such conviction, please state the charge against you, the proximate date of the conviction, the jurisdiction and venue of the prosecution, and any fine, sentence, or other punishment imposed upon you for such conviction.

> 6.    Have you ever been charged with any crime or misdemeanor? If so, for each such charge, please state the nature of the charge against you, the proximate date of the charge, the jurisdiction and venue of the prosecution, and the dispensation of the charge.

> 7.    Please identify whether you have ever been a plaintiff or a defendant or a named party of any sort (including victim) in any other criminal or civil charge, lawsuit, arbitration, and/or administrative proceeding (including, but not limited to, personal injury, complaints on your behalf or on behalf of any dependent, employment actions, divorces, child custody actions, and/or bankruptcies). For each such action, please state whether you were the plaintiff or defendant; the name(s) of any lawyer(s) representing you; the name of the opposing party or parties and their counsel; the name, caption, court, docket, or case number, and jurisdiction/venue of the action or proceeding; the nature and purpose of the action or proceeding, and the outcome of each lawsuit, arbitration, and/or administrative proceeding.

(Exhibit A).  However after repeatedly trying to obtain the requested information long after the

responsive deadline, plaintiff's counsel was informed by defense counsel on or about February 20,

2008, that Defendant Williams would only provide the time, place and charges/convictions in

response to such inquiries because of "case law" which allegedly did not allow discovery into such

matters. Plaintiff's counsel asked that such case law and legal basis be provided and stated that the

issues were relevant to the matter and that Plaintiff intended to acquire the information regarding

William's criminal history and to inquire into same during Williams' deposition and that plaintiff's

counsel would involve the Court if need be. The legal basis for William's objections to discovery

3

were never provided.

7.     On February 24, 2008, Plaintiff issued subpoenas to the Circuit Clerk's Office of Barbour County, Alabama, seeking production of documents pertaining to defendant Williams. (See Exhibit B).

8.     On February 27, 2008, Defendant Williams moved for a protective order in this matter to prohibit the Plaintiff from (a) questioning him in his deposition about his criminal past, specifically including "the nature and specifics of his convictions in Barbour County, Alabama"; (b) obtaining via subpoena or otherwise the disclosure of his criminal record, specifically in relation to his convictions in Barbour County, Alabama"; and (3) from utilizing any such discoverable information in subsequent trial testimony.

9.     Recently, during the March 4, 2008, deposition of Marianne Boyer it was discovered that Defendant Williams provided false statements to Defendant Flavor House regarding his past criminal history, charges and convictions.[1]  Specifically, Ms. Boyer testified that Williams informed Flavor House that he has a prior conviction for having sexual relations with a minor, his 16 year old girlfriend.  In fact, per the Alabama Department of Public Safety website, Defendant Williams is listed as a sex offender with multiple charges of rape and sodomy against four (4) under-age female victims:

> **Conviction Date:** 02/14/1992
> **Sex Crime:** Rape 2nd (3 counts), Sodomy 1st (2 counts)
> **Crime Location:** Barbour County, AL
> **Description:** Victims were a thirteen- fourteen-fifteen and sixteen year old female

---

[1] Plaintiff apologizes to the Court for not providing a transcript of the deposition testimony, but the deposition was suspended to be continued at a later date and no transcript has yet been received.

(http://community.dps.state.al.us/Pages/wfSexOffenderPDF.aspx?ID=3453032b-f70b-4605-8ee4-ffaa7c6c6c5b.).  It was also discovered in Ms. Boyer's deposition that Defendant Flavor House did not run a criminal background check on Defendant Williams prior to his hire, despite being aware of Defendant William's sex offender status.

## ARGUMENT

10.     Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain "discovery regarding **any matter,** not privileged, that is relevant to the claim or defense of any party." (emphasis added).  Discoverable information is **not** limited to admissible evidence, but includes anything which "appears reasonably calculated to lead to the discovery of admissible evidence."   Courts have traditionally construed "relevance" broadly: information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir.1991).

11.     Defendant Williams seeks a Protective Order essentially denying the Plaintiff from conducting discovery regarding his past criminal history and specifically with regard to his past convictions/charges in Barbour County, Alabama. Fed.R.Civ.P. 26(c) provides that upon good cause shown, the Court may make such Orders which, "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."   A protective order in discovery proceedings should issue only upon showing of good cause with the movant bearing the burden to show necessity of its issuance, and to cite to particular and specific demonstrations of facts as opposed to stereotyped and conclusory statements.  *See U.S. v. Garrett*, 571 F.2d 1323 (5th Cir. 1978); and *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). And while the Rule articulates a single standard for ruling on a protective order motion, that of "good

5

cause," the federal courts in this Circuit have superimposed a somewhat more demanding balancing of interests approach to the Rule, under which a district court's duty is to balance opposing interests in obtaining information and in keeping that information confidential. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985). Defendant Williams has failed to meet his burden both under Rule 26(c) and this Circuit's balancing test and his Motion and Objection are due to be denied for the reasons as set forth herein.

12.    Defendant Williams has made no showing of "good cause" as set out under Rule 26(c); he has presented no argument or evidence that he would suffer any form of "annoyance, embarrassment, oppression or undue burden or expense" as a result of the Plaintiff's discovery regarding his criminal history. No "particular and specific demonstrations of facts" have been provided by Defendant Williams justifying his Motion and Objections, as there has been no successful discovery or facts obtained regarding the information at issue. *See Garrett*, 571 F.2d 1323; *Gulf Oil Co.* 452 U.S. at 102 n. 16. As such, the Defendant has failed to meet his burden under Rule 26(c).

13.    Nor has Defendant Williams met the Eleventh Circuit's balancing test as he has proffered no factual basis or specific descriptive nature regarding the information he wishes to suppress. The Plaintiff has a valid and necessary interest in conducting discovery and obtaining information regarding Defendant Williams' criminal history which outweighs any interest Williams may have in keeping such information confidential.[2] Specifically, part of the sexual harassment of Plaintiff by Williams included his constant reminders to her that he was a sex offender and the fear

---

[2] Plaintiff notes that Williams is a registered sex offender in the State of Alabama and that there is no evidence that his criminal history is under seal or protection of any Court, such that the information sought is not "confidential" in its nature, but rather is a matter of public record.

6

that such knowledge instilled in the Plaintiff. This is especially necessary to the Plaintiff's constructive discharge claim, as she no longer felt safe around him and repeatedly complained of this to management at Flavor House. Defendant Williams' criminal history was also used by Flavor House as a basis for subjecting the Plaintiff to discipline following her complaints to management. Also, in light of the Plaintiff's Negligent Hiring and Retention claims, Defendant Williams' criminal history and Flavor House's failure to confirm same is necessary for the Plaintiff's case. Defendant Williams' credibility has also been called into question with regard to this information as he failed to disclose the truth to Flavor House regarding same. Such information is also discoverable as it relates to the corporate defendant's affirmative *Faragher/Ellerth* defense and whether they knew or should have known of the sexually hostile environment to which the Plaintiff was subjected. It is also discoverable for punitive damage purposes in relation to the Plaintiff's Title VII and State Law claims against Flavor House.

14.    Defendant Williams argues that under Fed.R.Evid. 415, the Plaintiff is not entitled to conduct discovery regarding his criminal history. However, Fed.R.Evid. 415 is an evidentiary rule applicable to the admission of fact evidence **at trial**, and is not applicable to limiting the scope of **discovery** as attempted by Williams. Whether or not the as yet un-discovered information will be admissible at trial is both premature and irrelevant to the Plaintiff's ability to conduct discovery regarding same as discoverable information is **not** limited to admissible evidence, but includes anything which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26. As such, the Plaintiff request this Court deny the Defendant's Motion and Objection as to limiting the scope of discovery and respectfully preserves her argument as to trial admissibility for a time when such a determination may be properly made upon review of the

7

necessary and discoverable information presently sought.

15. Defendant Williams next argues that the information sought regarding his criminal history is not to be "admitted" under Fed.R.Evid. 402 and it is allegedly irrelevant. Again, as set out above, the argument over "admissibility" of the information sought by the Plaintiff is both premature and irrelevant to the Plaintiff's ability to conduct discovery regarding same as discoverable information is **not** limited to admissible evidence, but includes anything which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26. As to the relevancy objection, for the reasons as set out above in Paragraph 12, the information sought in discovery regarding William's criminal history is relevant to both claims asserted, defenses asserted and damages in this matter, as well as to Defendant Williams' credibility. As such, the Plaintiff request this Court deny the Defendant's Motion and Objection as to limiting the scope of discovery and respectfully preserves her argument as to trial admissibility for a time when such a determination may be properly made upon review of the necessary and discoverable information presently sought.

16. Lastly, Defendant Williams argues that evidence of his past criminal convictions "should be excluded" under Fed.R.Evid. 403, claiming that its probative value is substantially outweighed by the danger of unfair prejudice to Williams. As set out above, the Defendant's argument over exclusion at trial of the information which is presently only sought by the Plaintiff in discovery is both premature and irrelevant to the Plaintiff's ability to conduct discovery regarding same as discoverable information is **not** limited to admissible evidence, but includes anything which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26. As such, the Plaintiff request this Court deny the Defendant's Motion and Objection as to limiting the scope of discovery and respectfully preserves her argument as to trial admissibility for a time

when such a determination may be properly made upon review of the necessary and discoverable information presently sought.

17.     In essence, the Defendant has submitted a Motion in Limine asserting evidentiary trial matters in an effort to prevent the Plaintiff from conducting reasonable and necessary discovery in this matter. The Defendant has failed to meet his burden and has not shown good cause for entry of the requested Protective Order under Fed.R.Civ.P. 26(c) or the Eleventh Circuit balancing test, nor has he provided a valid base for his Objection to Plaintiff's subpoenas in this matter.  While the Plaintiff anticipates Motions in Limine will be filed and addressed at some point in this litigation, to do so now when discovery has not yet even been conducted on the topic at hand is premature, at best.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff requests this Honorable Court deny Defendant Williams' Motion for Protective Order and Objection to Civil Subpoena and allow the Plaintiff to proceed with discovery in this matter for the reason as set forth herein.

Respectfully submitted,


s/ Temple D. Trueblood
Ann C. Robertson (ROB016)
(TRU014)
Attorneys for Plaintiff


OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAIZIS, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

9

CO-COUNSEL:
Bobbie S. Crook, Esq.
367 South St. Andrews Street
Dothan, Alabama 36301
(334) 671-8062

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 6th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer F. Swain
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 Wachovia Tower
420 North Twentieth Street
Birmingham, Alabama 35203
(205) 328-0480

Steadman S. Shealy, Jr.
Richard E. Crum
M. Russ Goodman
Shealy, Crum & Pike, P.A.
P.O. Box 6346
Dothan, AL 36302-6346
(334) 677-3000

<u>s/ Temple D. Trueblood</u>
OF COUNSEL

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA THORNTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | 1:07 cv-712-WKW |
| FLAVOR HOUSE PRODUCTS, INC., and | * | |
| FRANKLIN D. WILLIAMS, JR., | * | |
| | * | |
| Defendants. | * | JURY DEMAND |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANT FRANKLIN D. WILLIAMS, JR.

The plaintiff requests that the defendant produce and permit the plaintiff's representatives to inspect and copy the following documents at a mutually convenient place, and/or produce a copy of said documents to the law firm of Wiggins, Childs, Quinn & Pantazis, LLC, within the time set forth by the Court for the production of documents.

### DEFINITIONS

A.      As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations, personal conversations, or meetings; agenda of meetings; notices; records; bid records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts; reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any

way transmitted or reported.

B.     As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association or business entities.

C.     If any document requested to be produced was in the defendant's possession, but is no longer in defendant's possession, or subject to defendant's control state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

D.     "Personnel Information" shall include data or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, discipline, length of service, absences, tardiness, educational level, selection, job assignment and/or duties, performance, training, qualifications, validation of tests, promotion, health, and/or safety, vacancies, job applications, test results, marital status, sex, age, race, family status, recruitment, etc.

E.     As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

2

F.     As used herein, the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, terminated, fired, etc.

## DOCUMENTS REQUESTED TO BE PRODUCED

The following documents are requested to be produced:

## REQUESTS FOR PRODUCTION

1.     All documents within the defendant's possession regarding, reflecting, or referencing his employment with Flavor House Products, Inc., ("Flavor House")

2.     All documents within the defendant's possession regarding, reflecting, or referencing all disciplinary action taken against him during his employment with Flavor House.

3.     All documents within the defendant's possession regarding, reflecting, or referencing all performance evaluations, performance reviews, performance plans and/or performance criteria issued to the defendant by Flavor House.

4.     All documents within the defendant's possession regarding, reflecting, or referencing all employee complaints made against him during his employment with Flavor House.

5.     All documents within the defendant's possession regarding, reflecting, or referencing all investigations conducted in reference to employee complaints made against him during his employment with Flavor House.

6.     All documents used, compiled, created or produced by the defendant in response to the plaintiff's EEOC charge of discrimination filed against Flavor House, including, but not limited to, all answers to questionnaires, position statements, correspondence, statements, and interview notes.

3

7.     Any employee handbook and/or policies or procedures manual of Flavor House, which are in the possession of the defendant that have been in effect since January 1, 2003. If different versions have been in existence, please provide a copy of each.

8.     Any and all policies of Flavor House, concerning the prohibition of sexual harassment, sex discrimination, and/or retaliation which were provided to the defendant that have been in effect since January 1, 2003.  If different versions have been in existence, please provide a copy of each.

9.     Any documents in the defendant's possession, including but not limited to, letters, memoranda, electronic mail (e-mail) messages, text messages, calendar entries, diary entries, notes, daytimer entries, and/or any written statements or affidavits, that relate in any way to the plaintiff.

10.     Any and all documents, materials, videos, tests, handouts, pamphlets or other items in the defendant's possession which were used and/or disseminated to the defendant during his orientation process with Flavor House.

11.     Any video, audio, and/or digital recordings and/or compilations that support, belie, or otherwise relate in any way to the plaintiff, the allegations in the Complaint (as amended), and/or the defenses asserted in the defendant's Answer thereto.

12.     All documents in the defendant's possession that reflect or relate in any way to any sexual harassment, sex discrimination and/or retaliation policy that Flavor House had in place at any time during the defendant's employment, including but not limited to the policies themselves, any documents related to the distribution of the policies, documents relating to and/or reflecting any training on sexual harassment conducted by or for employees of the defendant at any time from January 1, 2003, to the present, and any documents related to the protocol regarding the handling and/or investigation of complaints of harassment

4

or retaliation.

13.    Please produce all documents, reports, notes, findings, correspondence, investigative materials, and/or recordings related to, reflecting or otherwise referencing any documents relating to any reports of sexual harassment, sex discrimination and/or retaliation made against the defendant since January 1, 2000, including both internal or external complaints whether verbal or written, or to any investigation into such complaints, including but not limited to any notes, correspondence, tapes, transcripts, or other documents relating to any interviews conducted in response to the allegations, or relating to the result of the investigation.

14.    Any statements obtained from the plaintiff or from any individual regarding the allegations made by the plaintiff in the Complaint (as amended), or the defenses asserted in the defendant's Answer thereto.

15.    Any and all documents in the possession of the defendant that reflect, record, refer or relate in any way to any investigation conducted by Flavor House as the result of the complaints of inappropriate conduct, sexual harassment, sex discrimination and/or retaliation made against you by the plaintiff.

16.    Any and all documents that reflect, record, refer or relate in any way to complaints of inappropriate conduct, sexual harassment, sex discrimination and/or retaliation made against you by any employees during your employment with Flavor House, including any documents related to, reflection or referencing any investigation conducted by Flavor House, in response thereto.

17.    Please produce any and all documents reflecting, referencing, or otherwise related to communications made between or among yourself and Mary Ann Boyer, Melvin Hutchins, Chris Jordan,

5

Ricky Smothers, Tommy [LNU] of Personnel Relations, and/or Leigh Allums regarding the plaintiff. This request includes any documentation of phone messages, e-mails, instant messages, text messages, correspondence, memoranda, and other forms of communication between and/or among these individuals regarding the plaintiff.

18.    Please produce copies of any and all documents and/or tangible items which in any way relate to, reflect, refer, evidence, and/or pertain to communications of any type between the defendant and any former or current employee or agent of Flavor House,, including but not limited to communications related to the Plaintiff's employment and communications related to any of the matters asserted in Plaintiff's Complaint.

19.    Please produce copies of any tape recordings or notes of conversations made by you (or someone on your behalf) of conversations or comments made by any person currently or formerly in the employment of Flavor House, as well as any transcripts of said recordings made by you or by someone on your behalf.

20.    Please provide any and all copies of any diaries, journals, or logs which you have kept since January 1, 2003.

### INTERROGATORIES

1.    State your full name (any other names by which you have been known), work and home address, work and home telephone number, date of birth, social security number, and your other previous home address (if any) within the past five years.

2.    Please identify the names, ages, addresses, telephone numbers and employers of any and all persons who are related to you by blood or marriage (former and/or current) living in Alabama (and for

each identify their relationship to you) and of any person who has resided with you, including any person who person who currently resides with you.

      3.      Please state your educational background and other occupational training history, including the names, locations, and dates of attendance for each high school, college, technical or vocational school, junior college, or other educational institution that you have attended. For each such school or institution listed, please state any degree, diploma, certification, or other indication of completion that you received. If no degree or certificate was received from any institution identified, identify each of the courses taken at that institution.

      4.      Please identify every employer (or principal, if you have ever worked as an independent contractor) you have had or currently have. Each such employer or principal should be identified by name, address, business telephone number, specific employment dates, the name of your immediate supervisor, the position(s) you held or hold, your job title and responsibilities, your rate of pay with that employer, and the reasons for separation from each such employer or principal.

      5.      Have you ever been convicted of and/or pled guilty or "no contest" to any crime or misdemeanor? If so, for each such conviction, please state the charge against you, the proximate date of the conviction, the jurisdiction and venue of the prosecution, and any fine, sentence, or other punishment imposed upon you for such conviction.

      6.      Have you ever been charged with any crime or misdemeanor? If so, for each such charge, please state the nature of the charge against you, the proximate date of the charge, the jurisdiction and venue of the prosecution, and the dispensation of the charge.

7.      Please identify whether you have ever been a plaintiff or a defendant or a named party of any sort (including victim) in any other criminal or civil charge, lawsuit, arbitration, and/or administrative proceeding (including, but not limited to, personal injury, complaints on your behalf or on behalf of any dependent, employment actions, divorces, child custody actions, and/or bankruptcies). For each such action, please state whether you were the plaintiff or defendant; the name(s) of any lawyer(s) representing you; the name of the opposing party or parties and their counsel; the name, caption, court, docket, or case number, and jurisdiction/venue of the action or proceeding; the nature and purpose of the action or proceeding, and the outcome of each lawsuit, arbitration, and/or administrative proceeding.

8.      Please identify by name, last known business and home address and telephone number, employer, and synopsis of expected testimony or knowledge, each and every person that you believe has any knowledge of any facts or evidence regarding any of your defenses as set out in your Answer to the Complaint.

9.      Please identify every person from whom you or anyone acting on your behalf has taken an oral, recorded, or written statement about the events set forth in the Complaint or about any facts that you believe may be pertinent or relevant to or relates to your defenses as asserted in your Answer to the Complaint.

10.      Identify any written notes, diaries, letters documents, records, audio or video tapes, or physical evidence in which you or your counsel retained, which describe, reflect, or relate in any way to the events set forth in the Complaint or about any facts that you believe may be pertinent or relevant to or relates to your defenses as asserted in your Answer to the Complaint.

8

Respectfully submitted,

Ann C. Robertson
Temple D. Trueblood
Counsel for Plaintiff

**OF COUNSEL:**
**WIGGINS, CHILDS, QUINN & PANTAZIS, L.L.C.**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**CO- COUNSEL:**
Bobbie Crook
367 S. St. Andrews St.
Dothan, Alabama 36301
334-681-8062

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following via facsimile and first class U.S. Mail, postage pre-paid and properly addressed to:

Steadman S. Shealy, Jr.
Richard E. Crum
M. Russ Goodman
Shealy, Crum & Pike, P.A.
P.O. Box 6346
Dothan, AL 36302-6346
Facsimile: (334) 677-0030

on this the 23rd day of October, 2007.

OF COUNSEL

9

# EXHIBIT B

AO 88(Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

LINDA THORNTON,

v.

FLAVOR HOUSE PRODUCTS, INC., and
FRANKLIN D. WILLIAMS, JR.

### SUBPOENA IN A CIVIL CASE
CASE NUMBER: 1:07 cv-712-WKW

To:    Circuit Clerk's Office
Room 201

303 East Broad Street

Eufala, Alabama 36027

[ ]    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ]    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
|---|---|

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the following place and time: **Any and all district court records, filings, documents and/or case files wherever located pertaining in any way to Franklin D. Williams (SSN: 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; DOB: 5/25/71), including but not limited to all records, filings, documents and/or case files associated with the following actions and/or case numbers: DC199100063200; DC199100063300; DC199100063400; DC199100063500; and DC199100063600. (Our firm will reimburse you for reasonable copying costs.) If you have any questions regarding this request, please do not hesitate to contact the attorney listed below. Thank you.**

| PLACE    Wiggins, Childs, Quinn & Pantazas, LLC, The Kress Building, 301 19th Street North, Birmingham, AL 35203 | |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES  Wiggins, Childs, Quinn & Pantazis, LLC, The Kress Building, 301 19th Street North, Birmingham, AL 35203 | DATE AND TIME 3/07/08 @3:00pm |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Temple D. Trueblood, Attorney for Plaintiff    *Temple D. Trueblood* | DATE February 21, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Temple D. Trueblood, Wiggins, Childs, Quinn & Pantazas, LLC, The Kress Building, 301 19th Street North, Birmingham, Alabama 35203  (205) 314-0500

AO 88A (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

SERVED

---

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

---

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45. Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and coy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88(Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

LINDA THORNTON,

v.

FLAVOR HOUSE PRODUCTS, INC., and
FRANKLIN D. WILLIAMS, JR.

### SUBPOENA IN A CIVIL CASE
CASE NUMBER: 1:07 cv-712-WKW

To:    Circuit Clerk's Office
       Room 201
       303 East Broad Street
       Eufala, Alabama 36027

[ ]    YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| COURTROOM |
| --- |
| DATE AND TIME |

[ ]    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | |
| --- | --- |

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the following place and time: **Any and all circuit court records, filings, documents and/or case files wherever located pertaining in any way to Franklin D. Williams (SSN: 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; DOB: 5/25/71), including but not limited to all records, filings, documents and/or case files associated with the following actions and/or case numbers: CC199200001700; CC199200001800; CC199200001900; CC199200002000; and CC199200002100. (Our firm will reimburse you for reasonable copying costs.) If you have any questions regarding this request, please do not hesitate to contact the attorney listed below. Thank you.**

| PLACE    Wiggins, Childs, Quinn & Pantazas, LLC, The Kress Building, 301 19th Street North, Birmingham, AL 35203 | |
| --- | --- |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES    Wiggins, Childs, Quinn & Pantazis, LLC, The Kress Building, 301 19th Street North, Birmingham, AL 35203 | DATE AND TIME 3/07/08 @3:00pm |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Temple D. Trueblood, Attorney for Plaintiff | DATE February 21, 2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Temple D. Trueblood, Wiggins, Childs, Quinn & Pantazas, LLC, The Kress Building, 301 19th Street North, Birmingham, Alabama 35203   (205) 314-0500

AO 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and coy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88(Rev. 11-91) Subpoena in a Civil Case

Rule 45. Federal Rules of Civil Procedure, Parts C&D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.