**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LINDA THORNTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.: 1:07cv712-WKW** |
| **v.** | ) | |
| | ) | |
| **FLAVOR HOUSE PRODUCTS, INC., and** | ) | |
| **FRANKLIN D. WILLIAMS, JR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT FLAVOR HOUSE PRODUCTS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISPOSITIVE MOTION AND DISCOVERY DEADLINES

Defendant Flavor House Products, Inc. ("Flavor House") responds to the Plaintiff's Motion to Extend the Dispositive Motion and Discovery Deadlines as follows:

1.     Flavor House does not oppose the extensions requested by the Plaintiff for the dispositive motion and discovery deadlines.  However, in light of the history of delays in this case, Flavor House respectfully requests that the Court impose certain conditions on future depositions noticed by any party.

2.     The parties have rescheduled and/or continued depositions on numerous occasions, frequently at the last minute and at considerable expense to Flavor House, not to mention the inconvenience to its in-house counsel, corporate representatives and witnesses.  The Plaintiff's deposition was originally scheduled for December 14, 2007.  Counsel for Flavor House understands that this deposition was postponed due to a conflict in the schedule of Plaintiff's Counsel Ann Robertson.[1]  The parties rescheduled the Plaintiff's deposition for

---

[1]     Flavor House was represented by different counsel at that time, and Flavor House's current counsel has no personal knowledge of the specific details related to this cancellation.

February 1, with the deposition of Defendant Frank Williams to occur on February 19 and the depositions of four current Flavor House management employees set for March 3 and 4. All of these depositions were to take place in Dothan. A 30(b)(6) deposition was scheduled for March 10 in Nashville.

3.    On January 28, 2008, Plaintiff's counsel requested that the Plaintiff's February 1, 2008 deposition be rescheduled because Plaintiff's attorney Ann Robertson was unable to travel due to health reasons. Defense counsel agreed to move the Plaintiff's deposition to February 19 and Frank Williams' deposition to February 20, with the other defense depositions to remain scheduled for March 3, 4 and 10.

4.    On February 7, Plaintiff's counsel requested that the Plaintiff's and Frank Williams' depositions be moved to Birmingham due to Ms. Robertson's continuing inability to travel. Defense counsel agreed to move the Plaintiff's deposition to Birmingham, and rescheduled Frank Williams' deposition to take place after the deposition of a Flavor House management witness on March 3 in Dothan.

5.    On February 19, Flavor House in-house counsel traveled to Birmingham from St. Louis, MO and Flavor House Dothan Director of Operations Mary Ann Boyer traveled to Birmingham from Dothan for the Plaintiff's deposition. The deposition began on that date as scheduled. However, early that afternoon, Ms. Robertson indicated that she would be unable to continue until the end of the day due to health reasons. In order to accommodate Ms. Robertson's health concerns, the parties agreed to continue Plaintiff's deposition to another date.

6.    On February 26, Plaintiff's counsel informed counsel for Flavor House that Ms. Robertson would still be unable to travel to Dothan for the depositions scheduled for March 3

and 4. Thus, Defense counsel agreed to postpone the depositions of Frank Williams and three Flavor House management witnesses, and to complete the Plaintiff's deposition in Birmingham on March 3. In an effort to accommodate Ms. Robertson's health issues, the Company agreed to bring Mary Ann Boyer to Birmingham to be deposed on March 4.

7.      Flavor House in-house counsel and Mary Ann Boyer again traveled to Birmingham on March 3 and the Plaintiff's deposition was completed. The deposition of Mary Ann Boyer began on March 4. However, during the lunch break, Plaintiff's counsel Temple Trueblood informed defense counsel that Ms. Robertson would be unable to complete Ms. Boyer's deposition that afternoon due to an ankle injury. Ms. Boyer's deposition was, therefore, continued.

8.      Most recently, the parties agreed that the depositions of Mary Ann Boyer, Frank Williams, and three Flavor House management witnesses would be taken in Dothan on April 8 and 9. The deposition of the Plaintiff's doctor and another witness for the Plaintiff were scheduled for April 10. However, at approximately 11:30 a.m. on April 7, Plaintiff's counsel contacted counsel for Flavor House and indicated that the depositions would once again have to be cancelled because Ms. Robertson had just learned that she would have to undergo surgery on April 8, and Ms. Trueblood had depositions in another case. Counsel for Flavor House was able to reach Flavor House's in-house counsel just as he was beginning the drive from Atlanta to Dothan for the depositions. At approximately 3:25 p.m. that afternoon, Ms. Trueblood contacted counsel for Flavor House and indicated that Ms. Robertson would not need surgery after all and was available for deposition. However, by this time, Flavor House's in-house counsel had already boarded a plane to return to St. Louis, and the parties agreed to leave the depositions cancelled and reschedule.

9.      Flavor House is sympathetic to Ms. Robertson's ongoing health issues.  To that end, Flavor House and its counsel have made every effort to cooperate fully in the repeated continuing and rescheduling of depositions.  However, the repeated last minute changes have resulted in significant inconvenience and expense to Flavor House and its witnesses.  Moreover, the Plaintiff has three counsel who are of record in this case, and there is no reason that one of the Plaintiff's other attorneys cannot take depositions if Ms. Robertson once again becomes unable to do so.  Thus, Flavor House respectfully requests that all depositions scheduled by the Plaintiff be subject to the following conditions:

(a)     At least two of the Plaintiff's three record counsel must be available for each deposition noticed by either party; and

(b)     The Plaintiff will not be permitted to reschedule or continue any noticed deposition absent extraordinary circumstances and Court approval.

WHEREFORE Defendant Flavor House Products, Inc. respectfully requests that the Plaintiff's Motion to Extend the Dispositive Motion and Discovery Deadlines be granted subject to the conditions set forth above.


/s/ Jennifer F. Swain
JENNIFER F. SWAIN
Attorney for Defendant
Flavor House Products, Inc.

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 Wachovia Tower
420 20th Street North
Birmingham, AL  35203
Telephone:  (205) 244-3863
Facsimile:   (205) 488-3863

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been filed electronically, with copies served thereby, on April 25, 2008.

Ann C. Robertson, Esq.
Temple D. Trueblood, Esq.
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203

Bobbie S. Crook, Esq.
367 South Saint Andrews Street
Dothan, Alabama  36301

Richard E. Crum
Steadman S. Shealy, Jr.
M. Russ Goodman
Shealy, Crum & Pike, P.A.
P.O. Box 6346
Dothan, Alabama  36302-6346

/s/ Jennifer F. Swain
JENNIFER F. SWAIN
Attorney for Defendant
Flavor House Products, Inc.