IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | |
|---|---|
| **LINDA THORNTON,** | * |
| | * |
| | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * CASE NO. 1:07cv-712-WKW |
| | * |
| | * |
| | * |
| | * |
| **FLAVOR HOUSE PRODUCTS, INC. AND** | * |
| **FRANKLIN D. WILLIAMS, JR.** | * |
| | * |
| **Defendant.** | * |

**OBJECTION TO SUBPOENA**

**COME NOW** Rodney H. Peak, a Probation and Parole Officer employed by the Alabama Board of Pardons and Paroles, and the Alabama Board of Pardons and Paroles, non-parties to this action, and object to the Plaintiff's subpoena *duces tecum* seeking any and all records maintained by the Alabama Board of Pardons & Paroles related to Franklin D. Williams and show the Court as follows:

1.   The Alabama Supreme Court held that *parole* files are absolutely privileged, *Ex parte Alabama Bd. of Pardons and Paroles, 814 So.2d 870 (Ala. 2001).* The Alabama Supreme Court in *Ex parte Alabama Bd. of Pardons and Paroles* states:

1

> Principles of statutory construction bind this Court to interpret plain language of a statute "to mean exactly what it says" and to engage in judicial construction only if the language in the statute is ambiguous. *Ex parte Alabama Great Southern R.R.,* 788 So.2d 886, 889 (Ala.2000), quoting *Blue Cross & Blue Shield v. Nielsen,* 714 So.2d 293, 296 (Ala.1998). The Legislature stated in § 15-22-36(b), Ala.Code 1975, with specificity and particularity, that "all other portions of the file shall be privileged." A plain reading of the statute indicates that the Legislature created an absolute privilege to provide individuals and entities an unfettered opportunity to provide information to the Board, without exposing the individuals and entities to *public scrutiny* and potential retaliation. To hold otherwise, this Court would have to engage in improper judicial construction.

The Board is legally bound to obey the absolute privilege enumerated in Ala. Code §15-22-36(b) or be subject to a felony conviction under Ala. Code §15-22-39.

*State v. Stallworth, 941 So.2d 327 (Ala. Crim. App. 2006),* states:

> In *Ex parte Alabama Board of Pardons & Paroles,* the Alabama Supreme Court stated: "Section 15-22-36(b), Ala.Code 1975, clearly and unambiguously establishes an absolute privilege that the Board is legally bound to obey and the circuit court is under a duty to uphold." 814 So.2d at 873. In *Jackson,* this Court stated: "[T]he circuit court's order, which allows access to the Board's files, directs the Board to violate § 15-22-36(b), Ala.Code 1975. The records maintained by the Board are not subject to inspection." 910 So.2d at 809. Clearly, based on established precedent the circuit court's order directing the Board to turn over its records directed the Board to violate § 15-22-36(b), Ala.Code 1975.

See also Ex parte Perkins, 920 So.2d 599 (Ala. Crim.App. 2005). The law is well settled that Alabama parole files are absolutely privileged and are not subject to inspection.

2. In relation to *probation* records, §15-22-53(b), Ala. Code 1975, states: "[A]ll reports, records and data assembled by any probation officer and referred to the court shall be *privileged* and shall not be available for public inspection ***except upon order of the court to which the same was referred***". The Board is not at liberty to release probation records without a court order, as prescribed in Ala. Code §15-22-53(b). The court that ordered the assembly of the probation records and ultimately ordered that a

2

particular prisoner be placed on probation has the authority to waive the privilege enumerated in Ala. Code §15-22-53(b) and to order the Board to release the probation records of said probationer. The Board does not have the authority to waive the privilege enumerated in Ala. Code §15-22-53(b).

**WHEREFORE THE PREMISES CONSIDERED**, the Board objects to the subpoena seeking its records and moves the Court to *QUASH* the subpoena.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL


        GREGORY O. GRIFFIN, SR.
        CHIEF COUNSEL
        GRI026


        s/DANA L. PITTMAN
        ASSISTANT ATTORNEY GENERAL
        STATE BAR#:  ASB-7192-A57P
        ALA. BD. OF PARDONS & PAROLES
        P.O. BOX 302405
        MONTGOMERY, AL  36130
        TELEPHONE: (334)242-8700
        FAX: (334)353-4423
        Dana.Pittman@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

ANN C. ROBERTSON
ATTORNEY FOR PLAINTIFF
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
THE KRESS BUILDING
301 19TH STREET N.
BIRMINGHAM, AL  35203

Done this **12TH** day of **MAY, 2008**.

Respectfully submitted,

s/DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-7192-A57P
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Dana.Pittman@paroles.alabama.gov