IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA THORNTON, | ) |
| *Plaintiff*, | ) |
| Vs. | ) CIVIL ACTION NO.: 1:07CV712-WKW |
| FLAVOR HOUSE PRODUCTS, INC., and FRANKLIN D. WILLIAMS, Jr., | ) |
| | ) |
| *Defendants*. | |

### DEFENDANT FRANKLIN D. WILLIAMS, Jr.'s RESPONSE TO COURT'S ORDER TO SHOW CAUSE and OBJECTION TO SUBPOENA

COMES NOW THE DEFENDANT, Franklin D. Williams, Jr., and hereby files his Response to the Court's Order to Show Cause and Objection to the Plaintiff's subpoena *duces tecum* seeking any and all records maintained by the Alabama Board of Pardons & Paroles related to Franklin D. Williams and show the Court, stating as follows:

As this Honorable Court is aware, the Plaintiff filed this lawsuit based on claims of sexual harassment and discrimination against several defendants, including Franklin D. Williams. Mr. Williams denies all liability and argues the Plaintiff's claims are without merit. As the objection filed by the Parole Board highlights, the Alabama Supreme Court held Ex parte Alabama Bd. of Pardons and Paroles, 814 So.2d 870 (Ala. 2001), parole files are absolutely privileged. In that case, the Alabama Supreme Court stated that the principles of statutory construction are to be interpreted "to mean exactly what it says" and to only engage in judicial construction if the language in the statute is "ambiguous." Ex parte Alabama Great Southern R.R., 788 So.2d 886, 889 (Ala.2000), quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998).

Alabama Code § 15-22-36(b), states that "all other portions of the file shall be privileged." This Section created an absolute privilege which allowed information to be provided to the Board, without exposing the said information.

Also, as the Parole Board states in its Objection, they are legally bound to obey the absolute privilege enumerated in Ala. Code §15-22-36(b) or be subject to a felony conviction under Ala. Code §15-22-39. See State v. Stallworth, 941 So.2d 327 (Ala. Crim. App. 2006); see also Ex parte Perkins, 920 So.2d 599 (Ala. Crim.App. 2005). The law is well settled that Alabama parole files are absolutely privileged and are not subject to inspection.

Additionally, Alabama Code §15-22-53(b) states that "[A]ll reports, records and data assembled by any probation officer and referred to the court shall be privileged and shall not be available for public inspection except upon order of the court to which the same was referred." Under Alabama Code §15-22-53(b), the Board cannot release probation records without a court order. Specicially, as the Parloe Board states in their objection, "[t]he court that ordered the assembly of the probation records and ultimately ordered that a particular prisoner be placed on probation has the authority to waive the privilege enumerated in Ala. Code §15-22-53(b) and to order the Board to release the probation records of said probationer. The Board does not have the authority to waive the privilege enumerated in Ala. Code §15-22-53(b)."

As such, the need for Mr. Williams' past criminal convictions of sexual offenses over sixteen years ago is slight compared to the harm of disclosing such information would have on Mr. Williams' case and the prejudice it would cause.

RESPECTFULLY DONE AND SUBMITTED, this the 19th day of May, 2008.

*/s/ Richard E. Crum, Esq.*
Richard E. Crum, Esq.

                                              Attorney for Defendant,
                                              Franklin D. Williams, Jr.

OF COUNSEL
SHEALY, CRUM, & PIKE, P.C.
P.O. Box 6346
DOTHAN, ALABAMA 36302-6346
(334) 677-3000
(334) 677-0030

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below and if not available to receive electronic transmissions, via Untied States Postal Service, postage prepaid:

    Bobbie S. Crook, Esq. (bcrook100@aol.com; ald0071@aol.com)

    Ann C. Robertson, Esq. (arobertson@wcqp.com; kallen@wcqp.com)

    Temple D. Trueblood, Esq. (tdt@wcqp.com; kallen@wcqp.com)

    Jennifer Swain, Esq. (jswain@bakerdonelson.com)

This the 19th day of May, 2008.

                                              */s/ Richard E. Crum, Esq.*
                                              Of Counsel